IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KAREN CHADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-2217-TLP-atc |
| ) | |
| NICHOLAS ANTONELLE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF DISMISSAL
FOR FAILURE TO COMPLY WITH COURT ORDERS AND
FOR FAILURE TO PROSECUTE**

Before the Court is the Order to Show Cause, entered on October 1, 2021.[1] (ECF No. 27.) The Order noted that Plaintiff Karen Chady failed to appear for the Court's Case Management Conference, which was held on September 28, 2021. (ECF No. 26.) The Order directed Plaintiff to inform the Court by December 1, 2021, whether she intends to continue to prosecute this lawsuit and cautioned that failure to timely respond to the Order may result in the dismissal of this action for failure to prosecute. More than two months have passed since Plaintiff's show cause deadline expired, and Plaintiff has not responded. For the reasons set forth below, this Court recommends that Plaintiff's claims against Defendant Nicholas Antonelle be dismissed without prejudice for failure to comply with court orders and for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

**PROPOSED FINDINGS OF FACT**

Plaintiff filed this case on April 7, 2021, alleging claims against Defendant for breach of contract and personal injury. (ECF No. 1.) After Defendant was served and appeared through counsel, the Court entered a Setting Letter on September 2, 2021, which scheduled the September 28, 2021 Case Management Conference. (ECF No. 23.) The Setting Letter provided the parties with various instructions in advance of the Conference and cautioned that failure to appear at the Conference may result in sanctions, up to and including dismissal of the case. (*Id*. at 3.)

On September 28, 2021, counsel for Defendant appeared via Microsoft Teams video for the Conference, but Plaintiff failed to appear. Counsel for Defendant informed the Court that he had been unable to contact Plaintiff in the weeks leading up to the Conference, even though she had previously been responsive to communication from counsel. Counsel for Defendant further informed the Court that he had reason to believe Plaintiff had recently passed away, namely a recent obituary published by Memphis Funeral Home and Memorial Gardens.[2]

Due to Plaintiff's failure to appear for the Conference, the Court entered its Order to Show Cause on December 1, 2021. (ECF No. 26.) The Order was transmitted to Plaintiff via the email address she provided to the Court and via U.S. Mail to the home address she provided in the Complaint. The copy of the Order sent to her home address was returned as undeliverable on October 18, 2021. (ECF No. 28.) The Order directed Plaintiff to inform the Court by December 1, 2021, whether she intends to continue to prosecute this lawsuit and cautioned that failure to

---

[2] The referenced obituary is available at https://www.dignitymemorial.com/obituaries/bartlett-tn/karen-chady-10369636 and indicates a death date of September 22, 2021. The obituary further describes its subject as 44 years old at the time of her death. In the Complaint, Plaintiff lists her email address as karenchady77@gmail.com, which may indicate that Plaintiff was born in 1977 (ECF No. 1), which would have made her either 43 or 44 years old on September 22, 2021. That potential connection does not conclusively, however, link the obituary to Plaintiff.

2

timely respond to the Order may result in the dismissal of this action for failure to prosecute. More than two months have passed since Plaintiff's show cause deadline expired, and Plaintiff has not responded.

## PROPOSED CONCLUSIONS OF LAW

Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or to comply with the Federal Rules of Civil Procedure or court orders. Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

In determining whether to dismiss an action under Rule 37(b)(2) or Rule 41(b), courts consider four factors, none of which are dispositive standing alone:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)). For the reasons below, dismissal of Plaintiff's claims against Defendant without prejudice is the only appropriate resolution in this case.

**I.   Willfulness, Bad Faith, or Fault**

With respect to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th

Cir. 2011)). Here, Plaintiff failed to appear for the Case Management Conference and failed to respond to the Order to Show Cause. If Plaintiff is deceased, as suspected by counsel for Defendant, then her failure to prosecute this case is not the result of willfulness, bad faith, or fault. If Plaintiff is not deceased, then her failure to prosecute and to comply with the Court's Orders without explanation appears willful. As a result, this first factor is either inapplicable or weighs in favor of dismissal.

## II.     Prejudice to the Defendant

Regarding the second factor, "[a] defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570). Defendant has been prejudiced in that he has expended time and money in relation to the Case Management Conference, and yet the case has not moved forward because of Plaintiff's failure to appear for the Conference and failure to respond to the Order to Show Cause. Accordingly, this factor supports dismissal of Plaintiff's claims.

## III.    Warnings Concerning Failure to Cooperate

With respect to the third factor, prior notice, or the lack thereof, is a key consideration in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Schs*, 138 F.3d 612, 615 (6th Cir. 1998)). In the Case Management Conference Setting Letter, Plaintiff was cautioned that her failure to appear may result in sanctions, up to and including dismissal of the case. (ECF No. 23, at 3.) Then in the Order to Show Cause, Plaintiff was again cautioned that failure to respond by December 1, 2021, may result in the dismissal of this action. More than two months have passed since Plaintiff's show cause deadline expired, and Plaintiff has not responded, nor has she appeared to explain her

4

failure to attend the Conference. As a result, the third factor favors dismissal of Plaintiff's claims.

## IV.     Lesser Sanctions Would Be Ineffective

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). In this case, Plaintiff failed to appear for the Case Management Conference or respond to the Order to Show Cause, despite the Court's warnings that the case was subject to dismissal for lack of prosecution. It thus appears that no sanction other than dismissal is appropriate, and the fourth factor supports dismissal of Plaintiff's claims.

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that Plaintiff's claims against Defendant be dismissed without prejudice for failure to comply with court orders and for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b).

Respectfully submitted this 3rd day of February, 2022.

> s/Annie T. Christoff
> ANNIE T. CHRISTOFF
> UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.