IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN CHADY, | ) | |
| Plaintiff, | )<br>)<br>) | No. 2:21-cv-02217-TLP-atc |
| v. | )<br>) | |
| NICHOLAS ANTONELLE, | )<br>) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Karen Chady sued Defendant Nicholas Antonelle, a minor, for breach of contract.  (ECF No. 5.)  And Defendant moved to dismiss Plaintiff's claims as baseless.  (ECF No. 9.)  Under Administrative Order 2013–05, the Court referred this case to Magistrate Judge Annie Christoff ("Judge Christoff") for management of all pretrial matters.  After Plaintiff failed to appear for a scheduling conference held through Microsoft Teams (ECF No. 23), Judge Christoff ordered Plaintiff to show cause why the court should not dismiss the action.  (ECF No. 27.)

Judge Christoff informed Plaintiff that "[f]ailure to timely respond to this Order to Show Cause may result in the dismissal of this action for failure to prosecute" under Federal Rule of Civil Procedure 41(b).  (*Id*. at PageID 106.)  Four months have passed since Judge Christoff ordered Plaintiff to show cause, and Plaintiff has yet to respond.

Judge Christoff issued a Report and Recommendation ("R&R"), recommending that the Court dismiss Plaintiff's claims without prejudice "for failure to comply with court orders and for failure to prosecute."  (ECF No. 29 at PageID 114.)

For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's claims without prejudice.

## DISPOSITION

Under Federal Rule of Civil Procedure 72(b)(2) "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But when neither party objects, the district court need only review the record for "clear error." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendments.

Neither party objected to the R&R here and the time to do so has passed. And, having reviewed the record and the R&R, this Court finds no clear error. In fact, this Court agrees with Judge Christoff's analysis in the R&R. Judge Christoff correctly recounted the standard for dismissing a claim under Rule 41(b) and rightfully determined that Plaintiff's claims should be dismissed. As a result, the Court **ADOPTS** the R&R in full and dismisses Plaintiff's claims without prejudice.

**SO ORDERED**, this 22nd day of February, 2022.

                                                  s/Thomas L. Parker
                                                  THOMAS L. PARKER
                                                  UNITED STATES DISTRICT JUDGE